UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK JOSUE MARTINEZ-AYERDIS,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-04380-DAD-AC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 11) |

Petitioner Erick Josue Martinez-Ayerdis is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 4, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 11.) Specifically, the magistrate judge concluded that petitioner's removal order became administratively final in 2006, and that petitioner's four month-long detention pursuant to § 1231(a)(6) is unreasonable, no longer authorized by statute, and violates due process. (*Id.* at 2–7.) The pending findings and recommendations were served on the parties and

/////

contained notice that any objections thereto were to be filed within three (3) days of service. (*Id.* at 8.)

On September 7, 2026, respondents filed objections to the findings and recommendations. (Doc. No. 12.) Therein, respondents argue that the findings and recommendations grant relief on grounds that petitioner did not present and that the recommended injunctive relief conflicts with governing law. (*Id.* at 1.)

As to respondents' first objection, respondents argue that the habeas petition presents "a narrow due-process challenge to continued detention" and that the findings and recommendations award relief on an "unprecedented theory" not presented in the petition. (*Id.* at 1–2.) However, the court has a duty to liberally construe *pro se* filings. *United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020) (noting that general statements were sufficient to raise a legal issue). In this regard, the Ninth Circuit has explained:

> It is an entrenched principle that pro se filings "'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'" We are specifically directed to "construe pro se pleadings liberally." This duty applies equally to pro se motions and with special force to filings from pro se inmates.

*Id.* (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) and *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995)).

In the pending petition, petitioner alleges that his continued detention "without an individualized custody determination violates the Due Process Clause of the Fifth Amendment." (Doc. No. 1 at 2.) In their opposition to the petition, respondents argued that petitioner is subject to detention pursuant to § 1231(a)(6), that he remains within the six-month presumptively reasonable detention period, and that petitioner had not shown that his removal is not reasonably foreseeable, citing *Zadvydas v. Davis*, 533 U.S. 678, 699–701 (2001). (Doc. No. 6 at 3.) Respondents have chosen not to argue that even if petitioner had rebutted this presumption, his removal is significantly likely in the reasonably foreseeable future.[1] The magistrate judge's

[1] Notably, nothing before the court suggests that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or that any steps have been taken to effectuate his removal in the nearly five months that petitioner has been detained.

findings and recommendations properly explain that the fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under *Zadvydas*. *See Clark v. Martinez*, 543 U.S. 371, 384 (2005) ("*Zadvydas* did not hold that the statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal."). The magistrate judge concluded that petitioner overcame the presumption of reasonableness because "respondents made no effort to effectuate petitioner's final removal order for over two decades." (Doc. No. 11 at 6.) The magistrate judge then determined that petitioner's detention was unreasonable and no longer authorized, pursuant to *Zadvydas*. (*Id.* at 7.) This analysis is consistent with the court's duty to liberally construe *pro se* filings. Therefore, the undersigned finds that this objection does not provide a basis for the court to decline to adopt the findings and recommendations.

As to respondents' second objection, respondents argue that the recommendation to enjoin petitioner's re-detention absent a pre-deprivation bond hearing before a neutral decisionmaker is not supported by the statutory scheme. (Doc. No. 12 at 3.) The court incorporates and adopts its reasoning in *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at * 7–10 (E.D. Cal. Aug. 20, 2025) and finds that consideration of the *Mathews v. Eldridge*, 424 U.S. 319 (1976) factors weigh in favor of requiring a pre-deprivation hearing.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons stated above,

1. The findings and recommendations (Doc. No. 11) are ADOPTED;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

/////

a. Respondents are ORDERED to immediately release petitioner Erick Josue Martinez-Ayerdis, A-File No. 099-482-258 from respondents' custody;

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner at least 7 days' written notice and a pre-detention hearing before an immigration judge;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **September 11, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE